## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

TWANDA HALL, KHALIA HALL, )
and Y.H. )
                                                 )
      Plaintiffs,                   )
                                                 )   Case No. 4:20CV01094 SPM
v.                               )
                                               )
UNITED STATES OF AMERICA, )
                                               )
     Defendant.

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
## FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs (defined as any person or persons, other than the defendant, signing this agreement, whether or not a party to this civil action), and the United States of America ("United States" or "Defendant"), by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the matter of *Twanda Hall, Khalia Hall, and Y.H. v. United States*, Case No. 4:20CV1094 SPM, under the terms and conditions set forth in this Stipulation for Compromise Settlement and Release ("Settlement Agreement").

2. This Settlement Agreement is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.   The United States agrees to pay the undersigned Plaintiffs the sum of One Hundred Forty-Two Thousand Four Hundred Seventy-Three Dollars and Five Cents ($142,473.05) and shall be paid in the amount and methods as set out in paragraphs 9 and 10 below in exchange for dismissal of the above-captioned matter with prejudice pursuant to the terms of this Settlement Agreement.

4.   The sum identified in paragraph 3 above shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter that gave rise to the above-captioned action, including any claims for wrongful death and/or tort, for which Plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, or employees, including, but not limited to, Jonathan Hopkins.

5.   Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Settlement Agreement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims in tort and/or wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.

6.   Plaintiffs stipulate and agree that they are legally responsible for and that they will satisfy or resolve any and all past, present, and future valid liens or claims for payment or

reimbursement, including any past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, by private insurance companies, or Medicaid or Medicare for treatment of the injuries that are the subject matter of this action. Plaintiffs and their attorneys represent that, as of the date they sign this Settlement Agreement, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement arising from the injuries that are the subject matter of this action.

7. Plaintiffs and their guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiffs or their guardians, heirs, executors, administrators or assigns, as well as any claims by additional unnamed plaintiffs who may be entitled to relief in the above-captioned matter against any third party or against the United States.

8. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed Plaintiffs will be paid out of the settlement amount and not in addition thereto. All parties acknowledge that pursuant to 28 U.S.C. § 2678, attorney's fees for services rendered in connection with the action against the United States of America shall not exceed twenty-five percent (25%) of the amount set forth in paragraph 3.

9. Payment of the settlement amount will be made by Electronic Fund Transfer (EFT) in an amount totaling One Hundred Nine Thousand Nine Hundred Seventy-Three Dollars and Five Cents ($109,973.05), payable to Plaintiffs Twanda Hall, Khalia Hall, and their attorneys in the following amounts:

a. As soon as it is practicable after the execution of this Stipulation for Compromise Settlement and Release, and after approval from the Department of Justice for this contingent settlement, the United States of America will pay by Electronic Funds Transfer (ETF) to the IOLTA Lawyers' Trust Account of the Snider Law Firm, on behalf of Twanda Hall, the sum of Thirty-Six Thousand Five Hundred Sixty-Eight Dollars and Ninety-Nine Cents ($36,568.99), which includes $1,250 from YH's settlement payment portion (which was a total of $35,000) to repay any attorneys' fees and costs, or other costs, due by YH and which Twanda Hall agrees shall be paid to the Sumner Law Group out of the IOLTA account, according to account information to be provided separately by the Snider Law Firm; and

b. As soon as it is practicable after the execution of this Stipulation for Compromise Settlement and Release, and after approval from the Department of Justice for this contingent settlement, the United States of America will pay by Electronic Funds Transfer (ETF) to the IOLTA Lawyers' Trust Account of the Snider Law Firm, on behalf of Khalia Hall, the sum of Seventy-Three Thousand Four Hundred Four Dollars and Six Cents ($73,404.06), which includes $1,250 from YH's settlement payment portion (which was a total of $35,000) to repay any attorneys' fees and costs, or other costs, due by YH and which Khalia Hall agrees shall be paid to the Sumner Law Goup out of the IOLTA account, according to account information to be provided separately by the Snider Law Firm;

10. As soon as it is practicable after the execution of this Stipulation for Compromise Settlement And Release, and after the approval from the Department of Justice for this contingent settlement, the United States of America will pay for the purchase of the annuity contract(s) described below in Paragraph 10b, by Electronic Funds Transfer (EFT) in the amount of Thirty-

two Thousand Five Hundred Dollars ($32,500.00) (hereinafter "Annuity Premium Amount") to JMW Settlements LLC. A representative of JMW Settlements LLC shall provide the bank name, address, routing number and account number for JMW Settlement LLC's Account.

    a. The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-referenced action, and their costs, expenses, and fees (including all fees if any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Upfront Cash paid pursuant to paragraphs 9a and 9b above, and not in addition thereto. The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

    b. Based on the following terms and conditions, the United States will purchase the following annuity contract(s):

    (1) The United States will purchase annuity contract(s), from an annuity company or companies rated at least A+ by A.M. Best rating service, to pay to Yuri Xena Hall the following sums on the dates indicated:

(a) the sum of $22,800 on or about September 25, 2038,

(b) the sum of $36,800 on or about September 25, 2042

In the event the cost of the annuity contract(s) has either increased or decreased by the date of purchase, the annuity payments described above shall be adjusted upward or downward to ensure that the total cost of the annuity contract(s) is equal to the Annuity Premium Amount and

not more or less than that amount. In the event of the death of Yuri Xena Hall prior to the payment on September 25, 2042, any remaining payments shall be payable to her estate. Provided further that upon reaching age of majority Yuri Xena Hall shall have the ability to designate any individual or entity as beneficiary. Said designation shall be in writing and in a form acceptable to the United States and the annuity issuer.

(2)     The annuity contract(s) being purchased pursuant to this Paragraph 10b will be owned solely and exclusively by the United States and will be purchased through JMW Settlements LLC as specified above in Paragraphs 10a and 10b. The parties stipulate and agree that the United States' only obligation with respect to any annuity contract(s) purchased pursuant to this Stipulation, and any annuity payments therefrom, is to purchase said contract(s), and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to an annuity contract(s) and annuity payments upon the purchase of said contract.

(3)     The parties stipulate and agree that any annuity company that issues an annuity contract(s) shall, at all times, have the sole obligation for making all annuity payments. The obligation of an annuity company to make each annuity payment shall be discharged upon direct deposit, electronic funds transfer (EFT) or the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

(4)     The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company,

are subject to execution or any legal process for any obligation in any manner. Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and that any attempt to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, shall constitute a breach of contract.

(5) Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree to maintain with the annuity company(ies) and the United States a current mailing address for Yuri Xena Hall and to notify the annuity company(ies) and the United States of the death of Yuri Xena Hall within ten (10) days of death. Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby further agree to provide to the annuity company(ies) and the United States a certified death certificate within sixty (60) days of the death of Yuri Xena Hall

11. Upon receipt of the payment amount set forth in paragraph 3, Plaintiffs' attorneys agree to distribute the settlement proceeds to Plaintiffs, and to immediately file with the Court a dismissal of the above-captioned action, with prejudice, with each party bearing their own costs. Upon Plaintiffs filing of their dismissal of the above-captioned action, with prejudice, the United States of America agrees that it will immediately file a dismissal of its counterclaim in the above-captioned action, with prejudice, with each party bearing their own costs.

12. Plaintiffs further represent that they have been advised that the receipt of funds will take several weeks from the date the payment request is submitted, and that neither the United States Attorney's Office nor the Federal Protection Service has any control over the date or timing of payment, other than to ensure prompt preparation and communication of the initial payment request.

13. Without asserting there are any tax consequences to this settlement, the parties agree Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law. Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

14. The parties agree that this Settlement Agreement, including all the terms and conditions and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

15. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

16. It is contemplated that this stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

DATE: May 7, 2022, 2022

*Khalia Hall*
KHALIA HALL next friend of her minor child, Plaintiff Y.H.

DATE: May 7, 2022, 2022

*[signature]*
TWANDA HALL a/k/a TAWANDA HALL
*Plaintiff*

DATE: May 7, 2022, 2022

*Khalia Hall*
KHALIA HALL
*Plaintiff*

DATE: May 7, 2022

*Raisha Snider*
RAISHA SNIDER, ESQ.
SNIDER LAW FIRM LLC
*Attorney for Plaintiff Twanda Hall and Khalia Hall*

DATE: May 2, 2022

*Tina Babel*
TINA BABEL, ESQ.
CARMODY MACDONALD
*Attorney for Plaintiff Minor Child Y.H.*

DATE: May 9, 2022

*Roger A. Kelly*
ROGER A. KELLER, JR.
Assistant United States Attorney
*Attorney for the United States of America*

Executed this 2ND day of May, 2022.

STRUCTURED SETTLEMENT BROKERAGE COMPANY
JMW SETTLEMENTS, LLC (HEREINAFTER "COMPANY")

    I, the undersigned, am duly authorized to sign this Stipulation on behalf of the Company and have furnished written proof thereof to the United States. I also declare under penalty of perjury that the Company and its employees, agents, and structured settlement annuity brokers are covered by an Errors and Omission insurance policy and a fidelity bond or equivalent insurance coverage, and have furnished to the United States a certificate or proof of insurance for such policies. By signing this Stipulation, I agree that the Company will accept the Annuity Premium Amount. I further agree that, within five business days of receipt of the Annuity Premium Amount, the Company will (1) disburse the Annuity Premium Amount to an annuity company(ies), rated at least A by A.M. Best rating service, for the purchase the annuity contract(s) described above in Paragraphs 10a and 10b of this Stipulation, and (2) provide to the parties written proof that the Annuity Premium Amount has been accepted by said annuity company(ies).

    I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

By: /s/ Mark S. Feldheim
Mark S. Feldheim
Counsel
On behalf of the Company

Executed this 2ND day of MAY, 2022.

STRUCTURED SETTLEMENT ANNUITY BROKER
MARK S. FELDHEIM, JMW SETTLEMENTS LLC (HEREINAFTER "BROKER")

    I, the undersigned Broker, declare that I currently meet the minimum qualifications set forth in 28 CFR § 50.24 to provide structured settlement annuity brokerage services to the United States and that I am currently covered by an Errors and Omissions insurance policy and a fidelity bond or equivalent insurance coverage, and have furnished to the United States a certificate or proof of insurance for such policies. By signing this Stipulation, I agree that the application for any annuity contract and the annuity contract issued by the annuity company will comply with the terms and conditions of Paragraphs 10a and 10b of this Stipulation.

    I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

_Mark S. Feldheim_
Mark S. Feldheim
Structured Settlement Annuity Broker